EL PUEBLO DE PUERTO RICO, demantante y apelado, *v.* MARCOS MONTALVO VÁZQUEZ, acusado y apelante.

Núm. 14885.—*Sometido:* Noviembre 6, 1950.   *Resuelto:* Noviembre 30, 1950.

*Dolores L. Leguillou Ñeco,* abogada del apelante; *Hon. Procurador General Vicente Géigel Polanco* y *Frank Vizcarrondo Vivas, Fiscal Auxiliar del Tribunal Supremo,* abogados de El Pueblo, apelado.

EL JUEZ ASOCIADO SEÑOR NEGRÓN FERNÁNDEZ emitió la opinión del tribunal.

El aquí apelante fué convicto por tribunal de derecho de un delito de falsificación en grado subsiguiente y sentenciado a una pena de 10 a 14 años de presidio. La convicción anterior que sirvió de base para la calificación de subsiguiente fué una sentencia de un año de presidio que por hurto mayor le fué impuesta al acusado el 23 de julio de 1934 por la Corte de Distrito de Aguadilla. En apelación, al igual que lo hizo en el tribunal inferior, el apelante sostiene que la indicada sentencia no podía servir de base para la calificación de subsiguiente toda vez que él no tuvo asistencia de abogado en el proceso anterior, siendo error del juez sentenciador en el caso de autos no proceder a la eliminación de subsiguiente bajo el fundamento de que no podía anularse indirectamente la sentencia de la Corte de Distrito de Aguadilla.

El aquí apelante impugnó en el tribunal inferior la validez de la sentencia de 23 de julio de 1934. Esa fué su única prueba de defensa. A esos fines prestó testimonio al efecto de que fué sentenciado a cumplir un año de presidio según se ha indicado anteriormente; que no estuvo asistido de abogado y que el juez que entendió en dicho proceso no le

advirtió de su derecho a estar asistido de abogado. Sometió entonces en evidencia copia certificada de las minutas y de la sentencia en dicho proceso. De éstas aparece que el 23 de julio de 1934 el aquí apelante compareció ante la Corte de Distrito de Aguadilla en un proceso por hurto mayor, personalmente y sin abogado, renunciando a ser juzgado por jurado y al derecho de que se le dictara sentencia en otra fecha, haciendo alegación de culpabilidad del delito de hurto mayor imputádole en la acusación. No aparece ni de las minutas ni de la sentencia que se le hicieran advertencias sobre su derecho a estar representado por abogado ni de que éste renunciara a ese derecho en forma alguna.

El Fiscal Auxiliar de este Tribunal conviene, invocando nuestras decisiones en *Ex parte Hernández Laureano*, 54 D.P.R. 416 y *Ex parte Rodríguez*, 55 D.P.R. 415, en que bajo las circunstancias de este caso la Corte de Distrito de Aguadilla carecía de jurisdicción y que la sentencia de un año dictada en dicho proceso resulta por tanto nula e inexistente, allanándose a que se deje sin efecto la sentencia de 10 a 14 años de presidio en el caso de autos y se devuelva el mismo al tribunal inferior para que se dicte nueva sentencia por el delito de falsificación sin tomar en consideración la condición de subsiguiente.

Estamos conformes. El aquí apelante podía atacar en la corte inferior la validez de la sentencia anterior. *González v. Rivera*, ante pág. 786 y *Gayes v. New York*, 332 U.S. 145, 91 L. ed. 1962. Y la prueba no contradicha indica claramente que no se cumplieron las exigencias de ley en el proceso anterior y que el apelante no tuvo en dicho proceso la debida asistencia de abogado, por lo cual la sentencia que sirvió de base a la alegación de subsiguiente resulta nula.

En consecuencia, *procede dejar sin efecto la sentencia de 10 a 14 años de presidio impuesta al apelante y devolver el caso al tribunal inferior para que dicte nueva sentencia por el delito de falsificación sin tomar en consideración la condición de subsiguiente.*